FILED FOR RECORD
9/5/2023 12:29 PM
BETTY HERRIAGE
DISTRICT CLERK
HENDERSON COUNTY
Carmen Delgado

CV23-0430-3

CAUSE NO. _____

| | | |
|---|---|---|
| STEPHANIE A. JOHNSON n/k/a STEPHANIE A. RANGE, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | ____ JUDICIAL DISTRICT |
| LAKEVIEW LOAN SERVICING, and LOANCARE, LLC, its/their successors and/or assigns, | § § § § | |
| Defendants. | § § | OF HENDERSON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL VERIFIED PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Stephanie A. Johnson n/k/a Stephanie A. Range, hereinafter called Plaintiff, complaining of and about Lakeview Loan Servicing and Loancare, LLC, its/their successors and/or assigns, as Defendants, and for her claims and causes of action set forth herein below, and respectfully shows unto the Court the following:

I.

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that the discovery be conducted under Discovery Level 2.

II.

### PARTIES AND SERVICE

2. Plaintiff, Stephanie A. Johnson n/k/a Stephanie A. Range ("Plaintiff"), is an individual whose present address is 21581 Waterwood Drive, Chandler, Texas 75758. The last three digits of Plaintiffs driver's license number are XXX, and the last three digits of their social security numbers are XXX.

3. Defendant Lakeview Loan Servicing, LLC ("Lakeview") is a foreign limited liability company doing business in the State of Texas and purports to be the current mortgagee and owner and holder of Plaintiff's mortgage loan made the subject of this suit, and may be served with process by serving its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701. Service of process upon said Defendant as described above can be effectuated by personal delivery to its registered agent identified herein.

4. Defendant LoanCare, LLC ("LoanCare") is a foreign limited liability company doing business in the State of Texas and purports to be the current mortgage loan servicer of Plaintiff's mortgage loan made the subject of this suit, and may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Service of process upon said Defendant as described above can be effectuated by personal delivery to its registered agent identified herein.

### III.

### JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Plaintiff seeks:

   a. monetary relief of more than $100,000, including damages of any kind, including penalties, costs, expenses, pre-judgment interest, and attorney's fees; and,

   b. injunctive relief in the form of a temporary restraining order and temporary injunction; and,

7. This court has personal jurisdiction herein because the Defendants routinely engage in or transact business with sufficient minimum contacts in the State of Texas.

8.  Venue is proper in Henderson County, Texas in this cause pursuant to TEX. CIV. PRAC. & REM. CODE §15.011 et seq., and because this action involves real property that is situated entirely in Henderson County, Texas.

## IV.

## FACTUAL ALLEGATIONS

9.  On October 12, 2012, Plaintiff purchased the real property and improvements commonly known as 21581 Waterwood Drive, Chandler, Texas 75758, and legally described, to wit:

**ALL THAT CERTAIN LOT, TRACT OR PARCEL OF LAND SITUATED IN THE HILLHOUSE SURVEY, A-283, AND BEING KNOWN AS LOTS 118 & 119, OF SECTION D IN WESTWOOD BEACH SUBDIVISION, AS SHOWN IN PLAT RECORDED IN VOLUME 9, PAGE 17 AND CABINET C, SLIDE 251 OF THE PLAT RECORDS OF HENDERSON COUNTY, TEXAS ("Property");**

which is the Plaintiff's homestead. At all relevant and material times hereto, Plaintiff was and is the fee simple owner of the subject Property. A true and correct copy of the General Warranty Deed With Third Party Vendor's Lien dated October 12, 2012, and recorded as instrument no. 2012-00016976 in the official real property records of the Henderson County Clerk's office to evidence Plaintiff's fee simple title and ownership of the subject Property is attached hereto marked Exhibit "A" and incorporated herein by reference for all purposes.

10. At that same time, October 12, 2012, Plaintiff applied for and obtained a mortgage loan from Georgetown Mortgage LLC ("Original Lender") evidenced by a promissory note in the original principal amount of $80,612.00 ('Note") and secured by a Deed of Trust of even date to Calvin C. Mann, Jr., Trustee ("Deed of Trust"). A true and correct copy of the Deed of Trust recorded as instrument no. 2012-00016977 in the official real property records of the

Henderson County Clerk's office is attached hereto marked Exhibit "B" and incorporated herein by reference for all purposes.

11.    Plaintiff made all required monthly loan payments due under the Note and Deed of Trust.

12.    On or about April 2020, Plaintiff was dramatically and negatively affected by COVID-19, and she contacted Defendant LoanCare to seek a COVID forbearance, which was approved.

13.    On or about August 2021, Plaintiff received a letter from Defendant LoanCare stating the forbearance would end on September 21, 2021. Plaintiff reached out to Defendant LoanCare to see if she could apply for a loan modification and the Defendant supplied Plaintiff with the Loan Modification Application to complete.

14.    On March 3, 2022, Plaintiff applied for and obtained a Loan Modification Agreement from Defendants Lakeview and Loancare ("Loan Modification"). Under the Loan Modification Agreement, Plaintiff agreed to pay the Defendants monthly payments of $660.72 beginning on December 1, 2012. A true and correct copy of the Loan Modification Agreement recorded as instrument no. 2022-00003767 in the official real property records of the Henderson County Clerk's office is attached hereto marked Exhibit "C" and incorporated herein by reference for all purposes.

15.    Plaintiff made the required monthly payments pursuant to the terms of the Loan Modification Agreement starting in April 2022.

16.    On or about April 12, 2022, Plaintiff made a payment to Defendant Lakeview from her personal bank account in the amount of $700.00. A true and correct copy of Plaintiff's

bank statement to reflect the payment made to Defendant Lakeview is attached hereto marked Exhibit "D" and incorporated herein by reference for all purposes.

17. On or about April 27, 2022, Plaintiff made another payment to Defendant Lakeview of $700 from Plaintiff's bank account, which payment represented the May 2022 installment payment. A true and correct copy of Plaintiff's bank statement to reflect the payment made to Defendant Lakeview is attached hereto marked Exhibit "E" and incorporated herein by reference for all purposes.

18. On or about June 6, 2022, Plaintiff made another payment to Defendant Lakeview from her bank account in the amount of $653. A true and correct copy of Plaintiff's bank statement to reflect the payment made to Defendant Lakeview is attached hereto marked Exhibit "F" and incorporated herein by reference for all purposes.

19. On or about July 7, 2022, Plaintiff made another monthly payment to Defendant Lakeview in the amount of $640.2. A true and correct copy of Plaintiff's bank statement to reflect the payment made to Defendant Lakeview is attached hereto marked Exhibit "G" and incorporated herein by reference for all purposes.

20. On or about August 3, 2022, Plaintiff made another monthly loan payment to Defendant Lakeview through her bank account in the amount of $700. A true and correct copy of Plaintiff's bank statement to reflect the payment made to Defendant Lakeview is attached hereto marked Exhibit "H" and incorporated herein by reference for all purposes.

21. On or about early September 2022, Plaintiff received a letter from Defendant LoanCare dated August 29, 2022, stating that her mortgage payment is thirty (30) or more days past due, which made no sense whatsoever since Plaintiff had already paid all of the required monthly mortgage payments under the Loan Modification Agreement. A true and correct copy of

the August 29, 2022 letter from Defendant LoanCare to Plaintiff is attached hereto marked Exhibit "I" and incorporated herein by reference for all purposes.

22. On September 6, 2022, Plaintiff made another monthly payment through her bank account to Defendant Lakeview of $704.00. A true and correct copy of Plaintiff's bank statement to reflect the payment made to Defendant Lakeview is attached hereto marked Exhibit "J" and incorporated herein by reference for all purposes.

23. On or about mid-September 2022, Plaintiff received another letter from Defendant LoanCare dated September 9, 2022, which stated that, "...**We wanted to let you know that we are returning or your payment to the originating online bill payer because your loan is paid in full**". (emphasis added). A true and correct copy of the letter dated September 9, 2022 is attached hereto marked Exhibit "K" and incorporated herein by reference for all purposes.

24. On or about mid-October 2022, Plaintiff received another letter from Defendant LoanCare dated October 7, 2022, with the Subject: "**Please Contact Us about Your Recently Missed Mortgage Payment**". (emphasis added). Once again Plaintiff was extremely confused as she kept receiving conflicting letters from Defendant LoanCare and she had been diligently and timely paying her monthly mortgage payments under the Loan Modification Agreement. A true and correct copy of the letter dated October 7, 2022 from Defendant LoanCare is attached hereto marked Exhibit "L" and incorporated herein by reference for all purposes.

25. On or about October 24, 2022, Defendant LoanCare mailed Plaintiff a letter stating, "**You received the enclosed letter from us that stated we returned payment to the originating online bill payer service because the loan is paid in full. After a review of the account information, we have determined that payment should have been returned but the**

<u>loan is not paid in full</u>..." (emphasis added). Plaintiff was becoming extremely frustrated as she continuously received conflicting information from the Defendants, and she had been timely tendering the monthly payments and there . A true and correct copy of the letter dated October 24, 2022 is attached hereto marked Exhibit "M" and incorporated herein by reference for all purposes.

26. On or about November 8, 2022, an Appointment of Substitute Trustee was recorded into the real property records of Henderson County, Texas. A true and correct copy of the Appointment of Substitute Trustee recorded as instrument no. 2022-00020956 in the official real property records of the Henderson County Clerk's office is attached hereto marked Exhibit "N" and incorporated herein by reference for all purposes.

27. On January 3, 2023, Defendant LoanCare sent Plaintiff a letter confirming receipt of a Notice of Servicing Errors that Plaintiff had provided to the Defendants in response to the various conflicting and confusing letters and correspondence that she had been receiving. The January 3, 2023 letter stated, "<u>Please accept this as written confirmation that LoanCare, LLC received your notice of error regarding the loan referenced above...In compliance with applicable Federal law, a detailed written response will be sent to you no later than 30 day (excluding weekends and legal public holidays) from the date LoanCare received your notice of error</u>." (emphasis added).

28. On January 13, 2023, Defendant LoanCare sent Plaintiff another letter stating that due to the nature of Plaintiff's request they need additional time to respond and that Plaintiff should expect to receive a response within 15 business days.

29. On January 27, 2023, Defendant LoanCare sent Plaintiff yet another letter that said the exact same thing as the January 13, 2023 letter, i.e., "**we need additional time to fully address your concerns. You can expect to receive a response from us within fifteen (15) business days.**" (emphasis added). True and correct copies of the January 3, 2023, January 13, 2023 and January 27, 2023 letters received by Plaintiff from Defendant LoanCare are each attached hereto marked Exhibit "O" and incorporated herein by reference for all purposes.

30. On March 10, 2023, Defendant LoanCare sent Plaintiff another letter responding to a complaint that Plaintiff had filed with Consumer Financial Protection Bureau. Defendant Loancare stated in this letter, "***The amount required to bring the loan current for payments due August, 2022 through March, 2023 is $5,699.75***". Plaintiff was once again shocked to her conscious and very confused as Defendant Loan/care had accepted her August 2022 payment and only returned the September 2022 payment after Defendant LoanCare sent numerous letters stating Plaintiff's loan was paid in full and then stated Plaintiff's payments were late, which was completely false and untrue as evidenced by the attached payment records. A true and correct copy of the letter dated March 10, 2023 from Defendant LoanCare is attached hereto marked Exhibit "P" and incorporated herein by reference for all purposes.

31. On April 21, 2023, Plaintiff spoke with a manager at LoanCare and she asked Plaintiff if Plaintiff could pay the past due balance. Plaintiff informed Defendant LoanCare that she could and would pay off the past due balance. Defendant LoanCare's manager told Plaintiff that she would call Plaintiff back within a couple of days, but never did.

32. On May 10, 2023, Defendants LoanCare and Lakeview, through its/their local foreclosure counsel, Barrett Daffin Frappier Turner & Engel, LLP, sent Plaintiff a Notice of Acceleration advising that her mortgage loan had been fully accelerated, which included a Notice

of [Substitute] Trustee's Sale advising that a foreclosure sale was scheduled for July 5, 2023. Upon receipt, Plaintiff immediately called Defendant LoanCare and advised that she would pay the past due amount. Defendant LoanCare told Plaintiff that someone would call her back with the reinstatement amount to pay, but once again no one ever did. A true and correct copy of the May 10, 2023 Notice of Acceleration and the Notice of [Substitute] Trustee's Sale included therewith are each attached hereto marked Exhibit "Q" and incorporated herein by reference for all purposes.

33. On May 16, 2023, Defendant LoanCare sent another letter to Plaintiff stating that Plaintiff has been approved for a USDA Cap and Extended Loan Modification. This letter stated that, "<u>Within the next 15 days, we will calculate the terms of your mortgage assistance offer and send you a package that outlines the required plan. To accept this offer, please be sure to make all three required trial payments within the months they are due</u>." (emphasis added). Plaintiff was very excited and relived to finally receive written confirmation that a modification offer had been made. A true and correct copy of the letter dated May 16, 2023 is attached hereto marked Exhibit "R" and incorporated herein by reference for all purposes.

34. On June 27, 2023, Defendant LoanCare then sent Plaintiff another form letter confirming receipt of the Notice of Errors and advising that a detailed response would be sent within 30 days. A true and correct copy of the letter dated June 27, 2023 is attached hereto marked Exhibit "S" and incorporated herein by reference for all purposes.

35. Plaintiff then contacted Defendant LoanCare and was verbally told that the foreclosure sale scheduled for July 5, 2023 was canceled due to fact that a loan modification was "under review" which was obviously contrary to the May 16, 2023 letter which confirmed that a modification had already been offered and was being sent to Plaintiff. <u>To date, no actual</u>

**written loan modification offer has ever been provided to Plaintiff, nor have the Defendants ever provided any written response to the Notice of Errors as promised in their numerous letters.** Plaintiff has lost all faith and patience with the Defendants as the Defendants continue to provide conflicting statements and information, and Plaintiff still has never been provided with any reinstatement quote or other information to cure the default. (emphasis added):

36. Moreover, at no point have the Defendants ever provided Plaintiff with any notice of default and opportunity to cure notice, nor the 30-day period in which to cure the default as expressly required under paragraph 22 of the Deed of Trust (Exhibit "B") and TEX. PROP.

CODE 51.002(d), but yet they have purported to accelerate the loan and post her homestead property for foreclosure sale.

### V.

### FIRST CAUSE OF ACTION – APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

37. Plaintiff hereby incorporates by reference and realleges all material allegations of fact set forth in Section IV above as if fully set forth herein.

38. Pursuant to Rule 680 of the Texas Rules of Civil Procedure, Plaintiff hereby seeks immediate relief in the form of a Temporary Restraining Order wherein this Court orders, restrains and prohibits the Defendants, and/or any of its/their agents, employees, attorneys, trustees, successor trustees, successors and/or assigns from foreclosing upon Plaintiff's homestead property for a period of at least fourteen (14) days until a temporary injunction hearing is held by this Court concerning whether Plaintiff has a probable right of recovery for her various claims and causes of action pleaded herein. There presently exists an imminent threat of irreparable harm to Plaintiff in the form of the Defendants, and/or its/their agents, employees,

attorneys, trustees, successor trustees, successors and/or assigns stated threat and intent to complete a foreclosure sale and divest Plaintiff of her fee simple title, ownership interests, and possession of her homestead property, unless this Court immediately restrains such acts or conduct as requested herein.

39. Moreover, after issuance of a temporary restraining order, and upon notice and a hearing as required by law, Plaintiff further seeks entry of a Temporary Injunction to maintain the status quo and prohibit the Defendants, and/or any of its/their agents, employees, attorneys, trustees, successor trustees, successors and/or assigns from foreclosing or attempting to foreclose upon Plaintiff's homestead property until the merits of Plaintiff's various claims and causes of action as pleaded herein can be fairly and fully adjudicated.

## VI.

## SECOND CAUSE OF ACTION – BREACH OF CONTRACT AND FAILURE OF CONDITION PRECEDENT

40. Plaintiff hereby incorporates by reference and realleges all material allegations of fact set forth in Section IV and V above as if fully set forth herein.

41. The acts, conduct, or omissions of Defendants as described herein, *supra*, also constitute a material breach of the Deed of Trust and a failure of condition precedent as to its/their acceleration of the Plaintiff's Loan and posting of Plaintiff's homestead property for foreclosure sale, and which material breach is the proximate cause of the actual damages sustained and incurred by Plaintiff in excess of the minimum jurisdictional limits of this Court.

42. Specifically, the Defendants have breached paragraph 22 of the Deed of Trust for failure to provide Plaintiff with the required notices, which provides in pertinent part as follows:

"22. Acceleration; Remedies. **Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Agreement (but not prior to acceleration under Section 18 unless Applicable Law provides**

<u>otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform the Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale...</u>" (emphasis added).

43.  As a result of the foregoing breach of the Deed of Trust contract by the Defendants, Plaintiff has sustained and incurred actual damages in excess of the minimum jurisdictional limits of this Court.

## VII.

### THIRD CAUSE OF ACTION – COMMON LAW FRAUD

44.  Plaintiff hereby incorporates by reference and realleges all material allegations of fact set forth in Section IV, V, and VI above as if fully set forth herein.

45.  The acts, conduct, or omissions of the Defendants as described herein, *supra*, also constitute common law fraud and are a producing cause of the actual damages sustained and incurred by Plaintiff in excess of the minimum jurisdictional limits of this Court.

46.  Specifically, Defendant LoanCare made numerous material misrepresentations of fact that Plaintiff relied upon to her detriment, namely Defendant LoanCare misinformed Plaintiff by stating that her loan was paid in full and within the same month sent Plaintiff another conflicting letter claiming that her payment for August 2022 was thirty days late---this after Plaintiff had timely paid all of the monthly payments due under the prior loan modification. Plaintiff then offered to pay the full reinstatement amount but the Defendants refused to provide any details of what was claimed due and owing, and certainly never provided any notice of default and opportunity to cure notice. Further, Defendant LoanCare specifically told Plaintiff, in

writing, that she had been approved for a loan modification and that the written offer would be forthcoming in fifteen days, but then never sent her any offer and instead purported to accelerate the loan and post her property for foreclosure sale, and Plaintiff relied upon all of these material misrepresentations of fact to her detriment, which are the proximate cause of the actual damages Plaintiff has sustained and incurred in excess of the minimum jurisdictional limits of this Court.

47. As each of the acts, conducts, or omissions of the Defendants as described herein, *supra*, that constitute common law fraud and were committed intentionally, knowingly and/or with malice, or a conscious indifference as to the rights of Plaintiff, Plaintiff is entitled to and hereby seeks an award of exemplary damages in excess of the minimum jurisdictional limits of this Court.

## VIII.

### FOURTH CAUSE OF ACTION - VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

48. Plaintiff hereby incorporates by reference and realleges all material allegations of fact set forth in Sections IV, V, VI, and VII above as if fully set forth herein.

49. Further, the acts, conduct, or omissions of Defendant LoanCare, which at all times was acting in its capacity as mortgage servicer and third party debt collector on behalf of Defendant Lakeview, of wholly failing or refusing to ever provide Plaintiff with any Notice of Default and Opportunity to Cure notice nor any amount to fully reinstate the loan or any true amount that was actually due and owing, also constitute the intentional and/or knowing misrepresentation of the character amount or extent of the debt to be collected, which false representations of material fact Plaintiff relied upon to her detriment and which are a producing cause of the actual damages sustained and incurred by Plaintiff in excess of the minimum jurisdictional limits of this Court.

50. Specifically, Defendant LoanCare and/or his/its various officers, directors, agents, attorneys, or employees as described herein, *supra*, constitute violations of the following provisions of the TDCA: §392.301(a)(7)-*threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings*; and §392.301(a)(8)-*threatening to take an action prohibited by law;* and §392.304(a)(8) – *misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer's debt status in a judicial or governmental proceeding*; and §392.304(a)(19) – *using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer* and which violations are a producing cause of the actual damages sustained and incurred by Plaintiff in excess of the minimum jurisdictional limits of this Court.

51. As each of the acts, conduct and/or omissions of Defendant LoanCare that constitute violations of Texas Debt Collection Act and were committed intentionally, knowingly and/or with malice, or a conscious indifference as to the rights of Plaintiff, Plaintiff is entitled to and hereby seeks an award of exemplary damages in excess of the minimum jurisdictional limits of this Court.

IX.

### FIFTH CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION

52. Plaintiff hereby incorporates by reference and realleges all material allegations of fact set forth in Sections IV, V, VI, VII, and VIII above as if fully set forth herein.

53. The various acts, conduct, and/or omissions of the Defendants and/or its/their various employees, agents or attorneys as described herein, *supra*, also constitute negligent

misrepresentation and are a producing cause of the actual damages sustained and incurred by Plaintiff in excess of the minimum jurisdictional limits of this Court.

54. Specifically, Defendant LoanCare and/or its agents, employees, and/or attorneys, in the course of conducting the Defendant's business in a transaction in which the Defendant has a pecuniary interest, was negligent in responding to Plaintiff and in sending Plaintiff conflicting written information concerning the status of the Loan and her pending request for loss mitigation and a loan modification, as well as its repeated failure to ever provide Plaintiff with the amount claimed due and owing to cure the default, and instead purported to accelerate the Loan and post her homestead property for foreclosure sale, which constitutes negligent misrepresentation to the detriment of the Plaintiff who was wholly unaware and did not have an equal opportunity to discover these material facts, and suffered injury and actual damages in excess of the minimum jurisdictional limits of this Court.

## X.

### SIXTH CAUSE OF ACTION – VIOLATIONS OF RESPA AND REGULATION X OF THE CODE OF FEDERAL REGULATIONS

55. Plaintiff hereby incorporates by reference and realleges all material allegations of fact set forth in Sections IV, V, VI, VII, VIII, and IX above as if fully set forth herein.

56. The acts, conduct and/or omissions of the Defendant LoanCare, which at all material times hereto was acting in its capacity "mortgage servicer" of Plaintiff's Loan also constitute violations of Regulation X of the Code of Federal Regulations established by the Consumer Financial Protection Bureau, 12 C.F.R. §1024.41 et seq., which became effective as of January 10, 2014, because the acts, conduct or omissions of said Defendant, and/or its various agents, representatives or employees as described herein, *supra*, constitute violations this statute,

and those statutory violations are a producing cause of the actual damages sustained and incurred by Plaintiffs in excess of the minimum jurisdictional limits of this Court.

57. Pursuant the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605(f), Plaintiff has a private right of action providing for remedies for the claimed breaches of Regulation X, including actual damages, costs, statutory damages and attorney's fees.

58. Plaintiffs' Loan is a "federally related mortgage loan" as that term is defined by 12 C.F.R. §1026.41(e)(4), and the Defendant is subject to these regulations.

59. Specifically, since Defendant LoanCare informed Plaintiff in writing that she had been approved for and offered a loan modification, and then wholly failed to ever provide the written loan modification offer, and instead accelerated the Loan and posted Plaintiff's homestead property for foreclosure sale, and never followed through with providing the actual written offer, constitutes a violation of RESPA and Regulation of the Code of Federal Regulations and is a producing cause of the actual damages sustain and incurred by Plaintiff in excess of the minimum jurisdictional limits of this Court.

60. Further, Defendant LoanCare never provided any written response or information to Plaintiff concerning her Notice of Errors, even though Defendant LoanCare sent Plaintiff three (3) different written letters acknowledging receipt of her Notice of Errors, wherein they promised that a written response would be forthcoming and/or told Plaintiff that they needed additional time to review, and then never provided any type of response whatsoever, and instead accelerated the Loan and posted her homestead property for foreclosures sale, all of which acts, conduct, or omissions constitute a separate and distinct violation of RESPA and are a producing cause of the actual damages ssutained and incurred by Plaintiff in excess of the minimum jurisdictional limits of this Court.

61. As each of the acts, conduct and/or omissions of Defendant LoanCare that constitute violations of RESPA and Regulation X and were committed intentionally, knowingly and/or with malice, or a conscious indifference as to the rights of Plaintiff, Plaintiff is entitled to and hereby seeks an award of exemplary damages in excess of the minimum jurisdictional limits of this Court.

## XI.

## **EXEMPLARY DAMAGES**

62. Plaintiff hereby incorporates by reference and realleges all material allegations of fact set forth in Sections IV, V, VI, VII, VIII, IX and X above as if fully set forth herein.

63. Plaintiff would further show that the various acts, conduct and/or omissions of the Defendants complained of herein were committed knowingly, willfully, intentionally, and with actual awareness, and with the specific and pre-determined intention of enriching said Defendants at the expense of Plaintiff. In order to punish said Defendants for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages as provided by Section 41.003(a)(1) of the Texas Civil Practice and Remedies Code.

## XII.

## **ATTORNEY'S FEES**

64. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: a) Section 37.001 et seq. of the Texas Civil Practices and

Remedies Code; (b) the Texas Debt Collection Practices Act, TEX. FIN. CODE § 392.001 et seq., (c) RESPA and Regulation X of the Code of Federal Regulations; and (d) common law.

## XIII.

## JURY DEMAND

65. Plaintiff hereby requests that all issues of fact be tried before a jury.

## XIV.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Stephanie Range, respectfully prays that Defendants Lakeview and LoanCare, and/or each of its/their various agents, attorneys, or employees as described herein, *supra*, each be cited to appear and answer herein, and that Plaintiff be granted immediate relief in the form of a temporary restraining order and temporary injunction preventing the Defendants, and/or any of its/their respective agents, employees, attorneys, trustees, substitute trustees, successors and/or assigns from foreclosing upon Plaintiff's homestead property described herein until the merits of her various claims and causes of action pleaded herein may be fairly adjudicated; and that upon the final trial of this cause, judgment be entered in favor of Plaintiff, and against the Defendants, jointly and/or severally, for Breach of Contract and Failure of Condition Precedent; for Common Law Fraud; for Negligent Misrepresentation; for violations of the Texas Debt Collection Act; and for violations of RESPA and the Code of Federal Regulations; and for an award of all economic and actual damages requested herein in an amount in excess of the minimum jurisdictional limits Court, including exemplary damages, together with pre-judgment and post-judgment interest at the maximum rate allowed by law, and for an award of all attorney's fees and costs of court incurred, and for such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**J. GANNON HELSTOWSKI LAW FIRM**

/s/ *John G. Helstowski*
John G. Helstowski
Texas Bar No. 24078653
5209 Heritage Ave., Suite 510
Colleyville, TX 76034
Telephone: (817) 382-3125
Fax. (817) 382-1799
Email: jgh@jghfirm.com
Attorney for Plaintiff Stephanie Range

<u>VERIFICATION</u>

STATE OF TEXAS §
§
COUNTY OF Henderson §

"My name is Stephanie Range. I am the Plaintiff named in the attached and foregoing PLAINTIFF'S ORIGINAL VERIFIED PETITION. I am over the age of 21 years and have never been convicted of a felony or other crime involving moral turpitude. I have personal knowledge of all of the facts set forth in the PLAINTIFF' ORIGINAL PETITION and hereby state that every factual statement set forth therein is true and correct.

FURTHER AFFIANT SAYETH NOT."

EXECUTED this 25th day of August, 2023.

_____  _____
Signature                   Print: Stephanie Range

SUBSCRIBED AND SWORN BEFORE ME on this 25th day of August, 2023, by Client, to certify which witness my hand and official seal.



_____
Notary Public in and for the State of Texas

Sara Ann Bender
Printed Name of Notary Public

My Commission Expires on: 12-21-2026

(seal)